CAUSE NO. DC-21-11578

McDavid Oyekwe,
Plaintiff,

§
§
§
§

V.

Research Now Group, Inc. a/k/a
Research Now, Inc. a/k/a Dynata
SEYFARTH SHAW LLP,
BRACKETT & ELLIS CORP
Defendant.

§
§

§
§

IN THE DISTRICT COURT

OF DALLAS COUNTY, TEXAS

**M-298th**

_____JUDICIAL DISTRICT

-------------------------------------------------------------------------------------------------

## ORIGINAL PETITION WITH REQUEST FOR JURY
## AND DISCOVERY REQUESTS

COMES NOW, Plaintiff McDavid Oyekwe, ( "Plaintiff"), who files this Original Petition, alleging race discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA") pursuant to Texas Labor Code Ann. §§ 21.051, .055 and Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination and The Fair Labor Standards Act of 1938 for overtime wages claim. Plaintiff would respectfully show the court the following:

### PARTIES

1.   Plaintiff, McDavid Oyekwe is an individual who lives in Dallas, Dallas County, Texas.

2.   Defendant Research Now Group, ("Defendant") is a corporation in Plano, Collin County, Texas and is also known as the corporation Dynata and may be served through its registered agent, CSC-Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, TX 78701-4234.

3.   Defendant Belaw.com whom has a Joseph Cleveland Jr. made be served through Russell J Norment to BRACKETT & ELLIS, A PROFESSIONAL CORPORATION at 100 MAIN STREET FORT WORTH, TX 76102

4.   Defendant, Seyfarth Shaw LLP whom has an Alex Drummond & Christina Meddin Forte, may be served to John Collins at 700 Milam Street # 1400 Houston, TX 77002 USA

ORIGINAL PETITION

## JURISDICTION AND VENUE

5.    Venue of this Court is proper pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code.  The incident made the basis of this suit occurred in Dallas County, Texas.

6.    Plaintiff seeks monetary relief over $74,998 but not more than $74,999. The damages sought are within the jurisdictional limits of the court.

## DISCOVERY

7.    Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

8.    Under Texas Rules of Civil Procedure § 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194. More specifically, you are requested to disclose:

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address and telephone number of any potential parties;

(c)    Legal theories and in general the factual basis of Defendant' claims or defenses;

(d)    The amount of any method of calculating economic damages (for Plaintiff and Defendant);

(e)    The name, address and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or, if the expert is not retained by, employed, or otherwise subject to the control of the

responding party, documents reflecting such information;

(4)    if the expert is retained by, employed, or otherwise subject to the control of the responding party:

    (A)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography.

(g)    Any discoverable indemnity and insuring agreements;

(h)    Any discoverable settlement agreements relating to this case; and

(i)    Any discoverable witness statements.

9.  Plaintiff has attached, as Exhibit A, Interrogatories and Production Requests and Request for Admissions to Defendant, pursuant to Rule 196 and 197. Defendant's answers and documents are due to Plaintiff within 50 days of the service of this request.

## REQUEST FOR JURY

10.    Plaintiff hereby requests a trial by jury and has paid the jury fee.

## FACTUAL BACKGROUND

11.    Plaintiff began working for Defendant on or about February 16, 2016.

12.    On or about September 2016, Defendant promoted Plaintiff to Associate Account Manager due to his strong performance.

13.    After his promotion, Plaintiff was informed that he was no longer an hourly employee, but a salaried employee.

14.    Thinking he was a salaried employee, Plaintiff worked an average of 10 overtime hours per week at his supervisor's request.

15.  Since Plaintiff was not paid for the overtime hours, he again believed he was a salaried employee rather than hourly.

16.  For the duration of his employment, Plaintiff always gave his best efforts to Defendant.

17.  Plaintiff had no disciplinary history and was one of Defendant's best employees.

18. Plaintiff worked on two accounts:  Qualtrics and Decipher.

19. Plaintiff, who is black, handled about 40 percent of the workload on the Qualtrics account.

20. Plaintiff also performed roughly 95 percent of the workload on the Decipher account.

21. The two other employees on the Qualtrics account were Travis Goodman and Tyler Stanley, who are both Caucasian and white. Travis Goodman had the same job title as Plaintiff.

22. In the Fall of 2016, Defendant offered a referral bonus under which an employee who successfully made a referral received a bonus of $3,000.

23. Plaintiff satisfied the requirements for this bonus.

24. However, instead of paying Plaintiff $3,000, Defendant only paid him $1,000.

25. This payment occurred on or about November 4, 2016.

26. On or around January 2017, Plaintiff realized he was not receiving the same recognition or fringe benefits as similarly situated employees for performing the same or even more work.

27. Each month Defendant held a sale organizational meeting in which it recognized the top performers in the company and on each account.

28. Plaintiff was a top five employee in the company in terms of contract bids, averaging about 135 bids per month.

29. Additionally, Plaintiff received the Sales Champion Award for 2016.

30. Conversely, both Mr. Goodman and Mr. Stanley averaged around 75-85 bids per month.

31. Plaintiff attempted to address this differential treatment with his team lead, Jude Bayley.

32. With regard to Plaintiff's lack of recognition, Mr. Bayley claimed it was a mistake and they were updating the system.

33. However, at the quarterly meeting in April, Plaintiff was once again excluded from recognition.

34. The fact that Plaintiff earned these bonuses and accolades indicates he was an outstanding performer even though he was not recognized.

**ORIGINAL PETITION**

35. Additionally, Mr. Bayley required Plaintiff to stay late when the same requirement was not imposed upon Mr. Goodman or Mr. Stanley.

36. Furthermore, Plaintiff was treated differently with regard to his bonus for 2016, which Defendant delayed paying until April 2017.

37. Under the yearly bonus program, if Plaintiff met the expectations that were set for him, he was to receive a performance bonus of five (5) percent.

38. Plaintiff satisfied this bonus in 2016.

39. Again, however, Defendant did not pay him his five (5) percent, which would have been $2,320.

40. Instead, Defendant paid him $450 which is one (1) percent.

41. Conversely, Mr. Goodman and Mr. Stanley received bonuses of greater than one (1) percent, as well as gifts and gift cards from Jeff Sheldon in the Sales Department.

42. Mr. Goodman whom was demoted from a supervisor role as "promoted" after McDavid Oyekwe,"transitioned" to the same exact role estimate 2 weeks prior.

43. The transition versus promoted is clear racial discrimination when Kaitlyn Piazza (white female) was similarly promoted until December 1, 2016. McDavid Oyekwe 9/15/2016 when Mr. Goodman 9/28/2016.

44. Kaitlyn Piazza won no honors such as the Sales Champion award in 2016 nor a Golden Ticket like McDavid Oyekwe, but received a unearned bonus.

45. Mr. Goodman received a extra 1% to his contracted 5%, thus received a 6% bonus to McDavid Oyekwe's 1% payout.

46. The Achieved Expectations and Exceeded Expections terminology was never specified in writing and discriminate just like the transition versus promoted recording racial bias.

47. McDavid Oyekwe earned more honors than Mr. Goodman during his tenure including a Golden Ticket Award in his absence.

48. McDavid Oyekwe maintained approximately doubled the responsibilities of Mr. Goodman & Mr. Stanley in 2017 while outperform them both while on the same team and same individual account.

49. The gifts were supposed to be because Qualtrics was the top performing account at the company.

50. Senior Manager Shivers confessed in a email to EVP Tom Johnson discrimination of McDavid Oyekwe in secret despite meeting McDavid Oyekwe in a Qualtrics team meeting less than a week prior.

51. However, despite being a team member of the top performing account and the highest performer, Plaintiff did not receive any gifts.

52. Also, in April 2017, he received a bonus reduction letter.

53. On April 19, 2017, Plaintiff and Mr. Bayley exchanged several emails where Plaintiff was asking for clarification and Mr. Bayley was sending terse, conflicting messages in his responses.

54. On April 21, 2019, Plaintiff emailed Vandi Stone in Human Resources, advising her of his concerns and asking who to speak with about the situation. Plaintiff believed that the restrictions placed on him hampered his ability to do his job properly and that he was being discriminated against since the others in his team were not restricted.

55. He also stated to Vandi Stone that his character was being attacked by his new supervisor, Mr. Bayley and that he was being discriminated against. He stated he had no issues with his prior supervisors. He had given up working from home even though the others on the team enjoyed that luxury. His supervisor delayed in sending him information critical to perform his job duties and regularly talked down to him.

56. Then, on or about April 26, 2017, Defendant terminated Plaintiff for the pre-textual reason of "It's not working out."

57. Plaintiff was also paid at an hourly rate rather than salary for his last paycheck.

58. This stated reason does not stand up to scrutiny, particularly where Plaintiff earned bonuses and accolades and had zero disciplinary history right up to when he complained of racial discrimination.

59. In fact, Plaintiff received a Golden Ticket Award in April 2017, just prior to his termination.

60. Also McDavid Oyekwe received a fast start bonus for the first quarter of 2017, another example of his performance.

61. Then Research Now (now Dynata) has a performance counseling program with Philip Alexander and Alexander Carlson both participated in as employees. Not

McDavid Oyekwe, but his race was enough for the defense Seyfarth Shaw to commit perjury and claim such with a blank form never mention in their original story.

62. Seyfarth Shaws' Alex Drummond & Christina Meddin along with Joseph Cleveland of Belaw attempted to bully the Plaintiff with assistance of Magistrate David L. Horan & Clerk Shakira Todd into a unfair glass ceiling secret settlement.

63. David L. Horan ignored this facts to advance systematic racism & white privilege (white supremacy) in 3:19-CV-1085 & 3:21-CV-0886

64. Despite 2 breached contracts & 2 confessions including Ashlin Quirk's admission and broken promise to repay the plaintiff for FLSA violations in 2019. (MiCheal Shivers to Tom Johnson is the other)

65. David L. Horan committed perjury himself to lie on the plaintiff.

66. Discovery of 3:19-CV-1085 exposed the Equal Pay Act & False Claim Violations with the hypocrisy of the defendants evidence and statements.

67. Defendant's actions are arbitrary and capricious and can be used to draw an inference of discrimination and retaliation.

68. Defendant has violated Title VII of the Civil Rights Act, 42 U.S.C. §1981 and the Texas Labor Code by discriminating against Plaintiff because of his race and color and retaliating against him.

## CAUSES OF ACTION

Count I: EQUAL PAY ACT

69. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

70. As described above, Plaintiff was treated differently than the white males that he worked with who were in the same position, same rank and job duties. Plaintiff and his white coworkers worked for the same company, the same division, the same department and were under the same management team.

71. There was no legitimate, nondiscriminatory reason why Defendant treated Plaintiff differently from his white coworkers. KAITYLN PIAZZA.

72. As a direct and proximate result of Defendant's conduct as alleged in this petition, Plaintiff sustained, and continues to sustain, economic and emotional damages. He

ORIGINAL PETITION

has suffered a loss of both past and future wages and bonuses, benefits, damage to his professional career, emotional and mental damage, and a loss of his retirement in his 401K account.

73. Defendant has violated Title VII of the Civil Rights Act, 42 U.S.C. §1981 and the Texas Labor Code by discriminating against Plaintiff because of his race and color and retaliating against him.

## Count II: FALSE CLAIMS ACT

74. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim. NO 2016 DISCRETIONARY POLICY EXISTED.

75. As described above, Plaintiff notified Human Resources that he was being treated differently than his white coworkers and within days he was terminated in retaliation for his complaint. NO PERFORMANCE COUNSELING FOR MCDAVID OYEKWE

76. As a direct and proximate result of Defendant's conduct as alleged in this petition, Plaintiff sustained, and continues to sustain, economic and emotional damages. He has suffered a loss of both past and future wages and bonuses, benefits, damage to his professional career, emotional and mental damage, and a loss of his retirement in his 401K account.

77. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

78. At the time of his termination, Plaintiff was owed compensation for overtime from Defendant and was not paid for the hours worked in violation of the overtime laws pursuant to the Fair Labor Standards Act of 1938.

79. Plaintiff filed a complaint with the Department of Labor on or around February 14, 2019.

80. Plaintiff is owed approximately $ 10,000 in overtime pay.

## Count III: 29 U.S.C. Chapter 18 Employee Retirement Income Security Act (ERISA)

81. CEO Gary Laben knowingly stole/looted at estimated $3,666.00 in the least from McDavid Oyekwe ROTH IRA to assist his purchasing of SSI for the eventual merger acquisition. Causing IRS PENALTIES UNTO THE PLAINTIFF MCDAVID OYEKWE.

## Count IV: Sarbanes-Oxley Act §§ 201.700 and 201.701

82. CEO Gary knowingly signed, engineering, and governed the scam of stealing and swindling compensation from McDavid Oyekwe. His signature is clearly in violated to the False Claims

ORIGINAL PETITION

Act previously cited.

## DEMAND

1. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

2. As a result of Defendants' actions as described herein, Plaintiff has suffered damages including: economic loss of past and future salary, bonuses and benefits; mental anguish sustained in the past; mental anguish that, in reasonable probability, Plaintiff will sustain in the future; damage to his past and future professional career; a loss of 401k retirement. As set forth herein, Plaintiff has suffered additional damages in loss of overtime pay and seek recovery for same from Defendant.

3. Plaintiff further requests recovery of pre-judgment interest and post-judgment interest at the statutory rate or at such other rate as is set by this Court.

4. Pleading further, and alternatively, if necessary, Defendant is guilty of misconduct which was committed knowingly, intentionally, maliciously, wantonly, fraudulently, and in reckless and callous disregard of the legitimate rights of the Plaintiff so far as to justify the imposition of exemplary damages. Plaintiff seeks recovery of such exemplary damages from Defendant.

## PRAYER AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff requests that upon final trial or other disposition of this lawsuit, Plaintiff recover judgment against Defendant for the following:

      a.  all damages requested;

      b.  pre-judgment and post-judgment interest as provided by law;

      c.  costs of court;

      d.  exemplary damages; and

      e.  such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

ORIGINAL PETITION



McDavid Oyekwe, Pro Se

3314 Seabreeze Drive
Rowlett, TX 75088
469-471-4337

mooyekwe@yahoo.com

# EXHIBIT 1:

*(handwritten top margin)* McDavid completed 1700' not 985

*(handwritten)* Fake Data ≥ 200 in March 2021

**Legacy Research Now**
**Quotes and Orders by Creator**
**For Year 2016 and 2017**

| Quote Created By | Month of Quote Date | Quote # | Avg Quote Size | Quote $ | Order # | Avg Order Size | Orders $ | Win Rate # | Win Rate $ |
|---|---|---|---|---|---|---|---|---|---|
| McDavid Oyekwe | 5/1/2016 | 1 | 4,313 | 4,313 | 0 | | 0 | 0% | 0% |
| McDavid Oyekwe | 6/1/2016 | 2 | 26,466 | 52,933 | 1 | 27,200 | 27,200 | 50% | 51% |
| McDavid Oyekwe | 7/1/2016 | 1 | 125,000 | 125,000 | 0 | | 0 | 0% | 0% |
| McDavid Oyekwe | 8/1/2016 | 10 | 68,545 | 685,447 | 1 | 7,785 | 7,785 | 10% | 1% |
| McDavid Oyekwe | 9/1/2016 | 7 | 21,754 | 152,279 | 2 | 735 | 1,470 | 29% | 1% |
| McDavid Oyekwe | 10/1/2016 | 101 | 14,565 | 1,471,040 | 1 | 26,722 | 26,722 | 1% | 2% |
| McDavid Oyekwe | 11/1/2016 | 110 | 10,813 | 1,189,462 | 7 | 3,050 | 21,347 | 6% | 2% |
| McDavid Oyekwe | 12/1/2016 | 95 | 15,884 | 1,508,948 | 5 | 2,688 | 13,439 | 5% | 1% |
| McDavid Oyekwe | 1/1/2017 | 159 | 12,558 | 1,996,773 | 17 | 8,246 | 140,190 | 11% | 7% |
| McDavid Oyekwe | 2/1/2017 | 167 | 12,344 | 2,061,383 | 25 | 10,604 | 265,089 | 15% | 13% |
| McDavid Oyekwe | 3/1/2017 | 194 | 13,402 | 2,600,020 | 36 | 5,419 | 195,092 | 19% | 8% |
| McDavid Oyekwe | 4/1/2017 | 138 | 16,976 | 2,342,748 | 23 | 10,218 | 235,004 | 17% | 10% |
| **Total McDavid Oyekwe** | | **985** | **14,406** | **14,190,346** | **118** | **7,910** | **933,338** | **12%** | **7%** |
| Travis Goodman | 9/1/2016 | 9 | 50,992 | 458,931 | 1 | 4,500 | 4,500 | 11% | 1% |
| Travis Goodman | 10/1/2016 | 58 | 17,742 | 1,029,023 | 4 | 11,420 | 45,681 | 7% | 4% |
| Travis Goodman | 11/1/2016 | 51 | 14,286 | 728,601 | 5 | 41,924 | 209,618 | 10% | 29% |
| Travis Goodman | 12/1/2016 | 60 | 12,347 | 740,835 | 6 | 5,728 | 34,366 | 10% | 5% |
| Travis Goodman | 1/1/2017 | 97 | 7,921 | 768,326 | 22 | 3,495 | 76,883 | 23% | 10% |
| Travis Goodman | 2/1/2017 | 141 | 9,793 | 1,380,803 | 27 | 11,588 | 312,875 | 19% | 23% |
| Travis Goodman | 3/1/2017 | 156 | 12,536 | 1,955,673 | 37 | 5,285 | 195,539 | 24% | 10% |
| Travis Goodman | 4/1/2017 | 94 | 18,331 | 1,723,154 | 29 | 6,172 | 179,000 | 31% | 10% |
| Travis Goodman | 5/1/2017 | 127 | 9,344 | 1,186,647 | 33 | 9,273 | 305,996 | 26% | 26% |
| Travis Goodman | 6/1/2017 | 145 | 4,035 | 585,093 | 41 | 3,936 | 161,379 | 28% | 28% |
| Travis Goodman | 7/1/2017 | 110 | 6,981 | 767,958 | 40 | 4,010 | 160,390 | 36% | 21% |
| Travis Goodman | 8/1/2017 | 118 | 4,109 | 484,866 | 65 | 4,458 | 289,768 | 55% | 60% |
| Travis Goodman | 9/1/2017 | 64 | 4,714 | 301,683 | 46 | 3,846 | 176,899 | 72% | 59% |
| Travis Goodman | 10/1/2017 | 63 | 6,836 | 430,693 | 38 | 6,050 | 229,908 | 60% | 53% |
| Travis Goodman | 11/1/2017 | 116 | 5,625 | 652,514 | 40 | 2,632 | 105,299 | 34% | 16% |
| Travis Goodman | 12/1/2017 | 81 | 14,386 | 1,165,248 | 36 | 7,281 | 262,103 | 44% | 22% |
| **Total Travis Goodman** | | **1,490** | **9,638** | **14,360,048** | **470** | **5,851** | **2,750,204** | **32%** | **19%** |
| Tyler Stanley | 4/1/2016 | 1 | 5,625 | 5,625 | 0 | | 0 | 0% | 0% |
| Tyler Stanley | 7/1/2016 | 1 | 5,900 | 5,900 | 1 | 5,900 | 5,900 | 100% | 100% |
| Tyler Stanley | 9/1/2016 | 6 | 5,950 | 35,700 | 1 | 1,800 | 1,800 | 17% | 5% |
| Tyler Stanley | 10/1/2016 | 52 | 6,591 | 342,734 | 3 | 14,517 | 43,550 | 6% | 13% |
| Tyler Stanley | 11/1/2016 | 72 | 8,709 | 627,072 | 4 | 47,397 | 189,590 | 6% | 30% |
| Tyler Stanley | 12/1/2016 | 63 | 13,088 | 824,528 | 10 | 4,457 | 44,565 | 16% | 5% |
| Tyler Stanley | 1/1/2017 | 101 | 10,252 | 1,035,477 | 28 | 11,597 | 324,719 | 28% | 31% |
| Tyler Stanley | 2/1/2017 | 167 | 5,651 | 943,789 | 31 | 4,144 | 128,461 | 19% | 14% |
| Tyler Stanley | 3/1/2017 | 213 | 5,471 | 1,165,386 | 58 | 5,608 | 325,258 | 27% | 28% |
| Tyler Stanley | 4/1/2017 | 118 | 4,869 | 574,585 | 28 | 2,855 | 79,931 | 24% | 14% |
| Tyler Stanley | 5/1/2017 | 102 | 3,986 | 406,529 | 31 | 3,187 | 98,800 | 30% | 24% |
| Tyler Stanley | 6/1/2017 | 125 | 4,335 | 541,859 | 30 | 1,822 | 54,670 | 24% | 10% |
| Tyler Stanley | 7/1/2017 | 103 | 3,776 | 388,942 | 52 | 2,932 | 152,467 | 50% | 39% |
| Tyler Stanley | 8/1/2017 | 56 | 1,996 | 111,784 | 51 | 1,971 | 100,512 | 91% | 90% |
| Tyler Stanley | 9/1/2017 | 59 | 4,025 | 237,478 | 46 | 3,544 | 163,023 | 78% | 69% |
| Tyler Stanley | 10/1/2017 | 70 | 5,101 | 357,054 | 43 | 5,459 | 234,728 | 61% | 66% |
| Tyler Stanley | 11/1/2017 | 144 | 4,088 | 588,600 | 51 | 3,140 | 160,148 | 35% | 27% |
| Tyler Stanley | 12/1/2017 | 98 | 3,934 | 385,574 | 20 | 4,279 | 85,581 | 20% | 22% |
| **Total Tyler Stanley** | | **1,551** | **5,531** | **8,578,616** | **488** | **4,495** | **2,193,703** | **31%** | **26%** |
| **Grand Total** | | **4,026** | **9,222** | **37,129,010** | **1,076** | **5,462** | **5,877,240** | **27%** | **16%** |

*(handwritten bottom)* Kristina Rowley admitted the higher win rate in EEOC mediation.

*(handwritten, large)* PERJURY

Dynata/Oyekwe 000275

Role (Show Hierarchy): West - GKA - Account Manager

Report Options:

Summarize information by
Created By ▼

Time Frame
Date Field
Created Date ▼

Range
Custom ▼
From          To
2/18/2018    4/27/2017

Show
All opportunities ▼

Opportunity Status   Probability
Any ▼              All ▼

Run Report ▼   Show Details   Customize   Save As   Printable View   Export Details   Subscribe

Filtered By:   Edit
Type not equal to Feasibility Test - (A) Clear
AND Federation equals Americas Clear
AND Intra Company Account not equal to True Clear
AND Test Account Flag equals False Clear

Grouped By:   Created By
Sorted By:     Record Count ↓ ▼

Created By: Christine Garrett (2,528 records)

Created By: Shannon Beatty (1,947 records)

Created By: Dylan Day (1,898 records)

Created By: Eric Donnelly (1,783 records)

Created By: McDavid Oyekwe (1,730 records)

Created By: Kim Nguyen (1,710 records)

Created By: Kaitlyn Piazza (1,624 records)

Created By: Julie McKenney (1,370 records)

Created By: Molly Carter (1,321 records)

*[handwritten annotations: "Perjury 985 ?", "Entire Company via Sales Reps"]*



**McDavid Oyekwe**

| From: | Jude Bayley |
|---|---|
| Sent: | Wednesday, April 19, 2017 4:19 PM |
| To: | Ud-am_GKA_JB |
| Cc: | Michael Shivers |
| Subject: | RE: Booked Revenue as of yesterday |



Look at Decipher go! The IPSOS number is FAKE NEWS....its missing about 30K and Scott Price is looking into it

| Client Name | Actual Bookings | Booking Target | % Target | % $ |
|---|---|---|---|---|
| Decipher | $ 150,130 | $ 63,755 | 235.5% | $ 86,375 |
| Harris | $ 89,215 | $ 55,411 | 161.0% | $ 33,804 |
| Qualtrics | $ 292,746 | $ 227,363 | 128.8% | $ 65,383 |
| Lightspeed | $ 458,610 | $ 640,321 | 71.6% | $ (181,711) |
| IPSOS | $ 438,124 | $ 689,599 | 63.5% | $ (251,475) |
| Nielsen | $ 91,679 | $ 193,505 | 47.4% | $ (101,826) |
| GKA PQD | $ 1,520,504.00 | $ 1,869,954.00 | 81.3% | |

← Solely McDavid

McDavid is Team



**Jude Bayley**
**Team Lead, Account Management**

Tel: +1 214 365 7562 |
researchnow.com

Research Now | 5800 Tennyson Parkway
Suite 600 | Plano, TX, United States 75024

Follow us  

The information contained in this e-mail message is intended for the use of the recipient(s) named above and is privileged and confidential. If you are not the intended recipient, you are formally notified that you have received this message in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

From: Jude Bayley
Sent: Tuesday, April 18, 2017 6:06 PM
To: Ud-am_GKA_JB <am_GKA_JB@researchnow.com>
Cc: Michael Shivers <mshivers@researchnow.com>
Subject: RE: Booked Revenue as of yesterday

| Client Name | Actual Bookings | Booking Target | % Target | $ Target |
|---|---|---|---|---|
| Decipher | $128,440 | $63,755 | 201.5% | $64,685 |

1

# GOLDEN TICKET

## David Oyekwe

The Qualtrics team was a man down yesterday and they slammed us with bids. David stayed till 11:30pm last night wrapping up the bids and finished the day with 51 bids. His dedication is one of the things that is going help eat away at that Qualtric's spend. This is as an example of the mentality shift and dedication it is going to take to exceed our targets this year. We are gapping our game up.

Search                                    Log In    Sign Up



 dynataglobal • Follow

 dynataglobal Congratulations to
Project Manager Hara Kazakou in our
Athens office on her
#goldenticketaward Hara's constant
high level of service has been praised
by her clients and her team. Way to go
Hara! #lifeatRN #WeAreRN

119w

20 likes
FEBRUARY 22, 2017

Log in to like or comment.

ABOUT US    SUPPORT    PRESS    API    JOBS    PRIVACY    TERMS    DIRECTORY    PROFILES    HASHTAGS

LANGUAGE

© 2019 INSTAGRAM

To

Sent

cc                                 bayley@researchnow.com
moyekwe@researchnow.com
                          apalmer@researchnow.com
mshivers@researchnow.com

Jude and David,

Thank you for the hard work and commitment you are putting into
the Quatrics account. I understand you both stayed till 11:30pm last
night wrapping up the opportunities and finished the day with 23
bids. This hard work paid off today with 2 fantastic wins and I
understand we have more to come.

I appreciate your dedication to growing this business. Your efforts
are making a big difference and you are setting a high bar for the
rest of the team.

Well done.

Tom

T-Mobile   LTE          7:01 PM                    4%

< | **Photo** | ↺

dynataglobal                                    •••



# EXHIBIT 2:



McDavid Oyekwe , Employee

Consistently produce and look to improve.

Joel G Primer , Manager

McDavid has successfully gotten up and running
in his new capacity as AAM and has assumed
more client-facing opportunities with ease.  His
impact has been immediate and we've seen an
increase in positive CSAT ratings (most notably
from Decipher) in terms of our account service.
He's been a true asset to our team.

Dynata/Oyekwe 000043

**Kristina Bauer**

| | |
|---|---|
| **From:** | Jude Bayley |
| **Sent:** | Friday, February 3, 2017 7:47 PM |
| **To:** | McDavid Oyekwe; Tyler Stanley; Travis Goodman |
| **Subject:** | Qualtrics Squad |

You guys can get together and come up with a coverage plan for this account. Looks like you got hammered today

Travis 8:30 to 5:30
Tyler 9 or 9:30 to 6 or 6:30
David 10 to 7

Or something like this works for me if it works for you. We have Gary and Kim as an overflow but I'm not sure how much help they will be with the way IPSOS has been firing. I can help with anything that comes in the late evening

I will find out from Shivers what the transition plan and drop dead date will be for the rest of your account is looking like.

Stay safe this weekend and see you next week.

Cheers

1

Dynata/Oyekwe 000068

**Kristina Bauer**

| | |
|---|---|
| From: | Michael Shivers |
| Sent: | Tuesday, February 7, 2017 9:40 AM |
| To: | Tom Johnson |
| Subject: | Note of Appreciation |

Tom,

I wanted to see if you would do me a favor at some point today and sent a note of appreciation to Jude and David. The Qualtrics team was a man down yesterday and they slammed us with bids. David stayed till 11:30pm last night wrapping up the bids and finished the day with 23 bids. His dedication is one of the things that is going help eat away at that Qualtrics spend.

Like any good leader Jude stayed with him and helped until the work was done. I told you wanted to move Qualtrics and the guys supporting that account over to Jude's team on GKA because he demands more and gets more from his team. Yesterday was day 1 on their new team and you can already see the impact he will have. He leads from the front and in the trenches and his team respects him for it. He was here till 11:30pm last night arm in arm helping him do Qualtrics bids even though he isn't even on the account.

I am going to nominate them both for golden tickets but thought a quick note to each of them from you could go a long way as well.

I am going to send a note out to my team leads and use this as an example of the mentality shift and dedication it is ‎going to take to exceed our targets this year. We are stepping our game up.

Jude Bayley – jbayley@researchnow.com
David Oyekwe – moyekwe@researchnow.com

Thanks,
Michael

From: Jude Bayley
Sent: Monday, February 06, 2017 11:23 PM
To: Ud-am_GKA_JB <am_GKA_JB@researchnow.com>; McDavid Oyekwe <moyekwe@researchnow.com>; Travis Goodman <tgoodman@researchnow.com>; Tyler Stanley <tstanley@researchnow.com>
Cc: Michael Shivers <mshivers@researchnow.com>
Subject: Sleep is the cousin of death

Shout out to David for banging out 23 quotes today

1

Dynata/Oyekwe 000071

GOLDEN TICKET
GOLDEN TICKET

# Congratulations to all Q1 Golden Ticket Winners

Albert Polanco
Andy Davis
Ashley Estes
Bekah Rivera
Bethany Moffett
Brian Jones

Colleen Kalitta
David Oyekwe
Daylon Carroll
Deborah Wood
Dee Boyd

Ed Bradburn

Eugene Papkovski

Hara Kazakou

Helena Taxaki

Iva Samardzhieva
Jacob Samuel
James Edema
Jamey Kinsel
Jasmine Wang
Jeff Sheldon
Jessica Addy
Joel Primer
Joey Davila
Josh Worthington
Joshua Childers
Jude Bayley
Kevin Chan
Kimberly Wong
Kristina Bauer

Landon Goertzen
Leigh-Anne Goldstein
Linda Chan

Melanie Holding
Nazim Bhatti
Nele Christiansen
Nicole Ramage
Pietro Verde
Rabik Maharjan

Sanju Kizhackel
Sara Triehy
Sarah Carucci
Scott Price
Shelley Escobar

Shreena Patel
Srinivas Vejella
Tianbi Jiang
Tim Mar
Torsten Lehrig
Valentina Sanavio
Vandi Stone

APAC        AMER        EMEA

research now

2017

CONFIDENTIAL

Confidential content        5

Dynata/Oyekwe 000073



# 2016 Sales Award Winners

The concepts presented in this presentation are property of Research Now Group, Inc. Duplication or dissemination of the information without the express written consent of Research Now is prohibited.

---

## Achieved Annual / Q4 Target

### ACCOUNT MANAGERS

- Aishah Teli
- Amanda Radcliff
- Brad Hamlyn
- Chris Fabian
- Christy Geary
- Delphine Kayumba
- Diane Hy
- Drew Newton
- Grant Caddell
- Joel Primer
- Josh Suarez
- Katie Reljac
- Kim Nguyen
- Landon Goertzen
- Marisa Sarnecki
- McDavid Oyekwe
- Robert Maeda
- Shannon Beatty
- Stephanie Hall
- Travis Goodman

### ACCOUNT DIRECTORS

- Natalie Lauder
- Paula Wisniewski
- Jen Ly-Awan
- Phil McGrath
- Mallory Ellis
- Chawntae Applegate
- Joe Mason

research now

© 2016 Research Now Group, Inc.          2

If you have further questions you can Kathy Rowley our Chief HR Officer at 214-365-5000.

| Pay Type | Date | Amount | Eligibility |
|---|---|---|---|
| 2016 Bonus | 4/14/2017 | $ 450.09 | Up to 5% based on performance rating, company funding pool and time in bonus eligible position. |
| 2016 Referral Bonus | 11/4/2016 | $ 1,000.00 | At the date of hire, 8/1, sales referees eligible for $1,000 bonus after 90 days in position. |
| 2017 Golden Ticket | 3/24/2017 | $ 125.00 | Nominees receive $125.00 per golden ticket. |
| Q1 2017 Golden Ticket Drawing | 4/21/2017 | $ 300.00 | Winners of quarterly golden ticket drawing receive $300.00 |
| 2017 Fast Start Bonus | 4/28/2017 | $ 2,000.00 | Associate Account Managers who receive 100% of 2017 Q1 targets are eligible for $2,000.00 fast start bonus in addition to quarterly sales incentive. |
| 2017 Q1 Incentive | 4/28/2017 | $ 593.00 | Eligible for up to 100% of quarterly incentive as outlined in signed incentive plan which is equal to $593.45. |
| Overtime Hours | 2/2/2016-9/8/2016 | $ 1,182.66 | Non-exempt status as Sales Support from 2/2/16-9/8/16 and received $1,182.66 in overtime pay. Exempt from overtime pay with the promotion to Associate Account Manager. |
| Termination Reason | 4/26/2017 | N/A | N/A |
| Separation Pay Schedule | 5/19/2017 & 6/2/2017 | $ 3,652.00 | Two bi-weekly installments of $1,826.00. |
| RN Merchandise | 5/10/2017 | N/A | Purchased 3 RN Merchandise items from external vendor. Requested refund, but the vendor was unable to offer. |
| Vacation/Sick/Personal Pay | 5/5/2017 | $ - | Unused vacation is paid upon termination. Personal and sick do not pay out per company policy, see attachment. |
| Qualtrics Top Performer Pay | 4/21/2017 | N/A | Eligible only to top performing account managers. |



**Vandi Stone**
**Director, HRMS, Comp & Benefits - Americas**

Tel: +1 214 365 3674 | Fax: +1 469 467 9675 |
researchnow.com

4                    Dynata/Oyekwe 000280

# research now®

# EMPLOYEE CHANGE FORM

| Effective Date: 9-19-2016 | Employee Legal Name: McDavid Oyekwe | Company Code: MPE | Employee #: 060457 | Position ID #: 358 |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Increase Type | | ☐Merit ☐ Market ☐Promotion ☒ Other: Role Change | | |
| Current Salary | | $ 19.23 per hour | New Salary | $ 47,476.00 |
| Promotion: ☐Yes  ☐No | New Department: 346 | | New Company Code: | |
| Transfer:  ☒Yes  ☐ No | New Location: | | New Job Title: **Associate Account Manager** | |
| New Position ID Needed | ☐Yes  ☒ No | | New Position ID: | |
| Dotted Line Supervisor | | | Executive Assistant | Choose an item. |
| New Supervisor | **Joel Primer** | | CFO/Finance Approver | Choose an item. |
| 2nd Level Management | **Michael Shivers** | | Top Leader | |
| 3rd Level Management | **Carter Cathey** | | HRBP | Choose an item. |
| 4th Level Management | **Gary Laben** | | Functional Area | Choose an item. |
| 5th Level Management | | | Job Function | |
| 6th Level Management | | | Supervisor Position | ☐Yes  ☒ No |
| 7th Level Management | | | Home Office | ☐Yes  ☒ No |
| 8th Level Management | | | | |

| Bonus Information | | | | |
|---|---|---|---|---|
| Bonus Change? | ☒Yes  ☐ No | | Bonus Eligibility | ☒Yes ☐ No |
| Bonus Level | **Individual Contributor** | | Q1 Sales Incentive | Click here to enter text. |
| Bonus Target % | **5%** | | Q2 Sales Incentive | Click here to enter text. |
| Incentive Plan Type | **Not Applicable** | | Q3 Sales Incentive | Click here to enter text. |
| Management Type | **Not Applicable** | | Q4 Sales Incentive | Click here to enter text. |
| If staying at the same Bonus Level, but only change to IC or MGR, no need to create ECF. If the only change is changing supervisor from Yes to No, no need to create ECF | | | Sales Model Number | Choose an item. |
| Please send HR Operations Specialist an e-mail detailing these Changes. | | | Sales Model Color | Choose an item. |

| | |
|---|---|
| Comments: **Title/Supervisor/Department/FLSA/Base/Bonus effective 9-19-16. Not eligible for 2017 merit**. | |

| ☐Leave of absence | LOA begin date: | | | LOA return date: | |
|---|---|---|---|---|---|
| ☐Termination | Termination date: Click here to enter text. | ☐Voluntary ☐ Involuntary | | Eligible for rehire: ☐Yes ☐ No | |
| | Termination reason | Choose an item. | | | |

| APPROVALS | |
|---|---|
| Supervisor: | Date: |
| Department Head: | Date: |
| CFO: | Date: |
| CEO: | Date: |
| Human Resources: **Shelley Escobar** | Date: **9-15-2016** |

Dynata/Oyekwe 000289

From: **McDavid Oyekwe** mooyekwe@yahoo.com
Subject: Forgot to Mention:
Date: Nov 5, 2017 at 8:25:09 PM
To: stantont@lanwt.org

From: McDavid Oyekwe <moyekwe@researchnow.com>
Date: April 22, 2017 at 1:48:40 PM CDT
To: Nic Belcher <nbelcher@researchnow.com>
Subject: Forgot to Mention:

Hi Nic,

I wanted to add. I could never get a straight answer from Jude Bayley regarding my role in Qualtrics. Nor why my bonus was reduced from $2,600+ to $450 with no explanation of documentation of its calculation. I surpassed and doubled my goal in 2016. I completed 30% - 35% work Qualtrics workload. Yesterday, Jeff Sheldon advised me only Tyler & Travis Goodman get bonuses, recognition, or gifts from Qualtrics. Qualtrics is the only account for either Tyler or Travis given I handle even more. Myself & Travis Goodman hold the same position title. I still complete more Qualtrics work than Travis with Decipher as my other account. I am concerned a double standard is set for commission & benefits for hard work. Jude honestly managed myself roughly as a workhorse & treated the rest of the team as friends or equals. I maintained a professional manner to reach out to HR to hopefully fairly clarify my role & benefits.

Thanks Again,

McDavid Oyekwe

--
McDavid Oyekwe
Associate Account Manager

Tel: +1 214 365 7809 |

Thank you

**Han-Chun** (Kimmy) **Chu**

Wage and Hour Investigator

U.S. Department of Labor

Wage and Hour Division

1701 E. Lamar, Suite 270

Arlington, Texas 76006

Direct: 817-804-8025

Fax: 1-817-804-8025

Email: Chu.Han-Chun@dol.gov

#### ****WARNING****

The attached information may be confidential. It is intended only for the addressee(s) identified above. If you are not the addressee(s), or an employee or agent of the addressee(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please destroy and/or permanently delete the information and notify the sender of the error.

From: Ashlin Quirk <Ashlin.Quirk@dynata.com>
Sent: Monday, February 25, 2019 2:12 PM
To: Chu, Han-Chun - WHD <Chu.Han-Chun@dol.gov>
Subject: RE: [EXT] DOL Wage and Hour - Research Now - McDavid Oyekwe

Thank you for your help Kimmy!

 dynata

**Ashlin Quirk**
EVP & General Counsel
O:+1.203.567.7383
F:+1.203.883.1157
dynata.com

Dynata | 6 Research Drive, Suite 200 | Shelton, Connecticut, 06484, United States of America

The information contained in this e-mail message is intended for the use of the recipient(s) named above and is privileged and confidential. If you are not the intended recipient, you are formally notified that you have received this message in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

From: Chu, Han-Chun - WHD <Chu.Han-Chun@dol.gov>

9111688

JPMORGAN CHASE BANK, N.A.
Plano, TX    32-61/1310

Date    5/12/2017

$474.37

Research Now Group, Inc.
5800 Tennyson Parkway
Suite 600
Plano, TX 75024
214-365-3674

PAY
Four Hundred Seventy-Four and 37/100

TO THE    MCDAVID OYEKWE
ORDER    3314 SEABREEZE DRIVE
OF    ROWLETT, TX 75088

⑈9⑈1⑈1⑈6⑈8⑈8⑈⑈ ⑈:⑈1⑈1⑈1⑈0⑈0⑈0⑈6⑈1⑈4⑈:⑈ 4⑈2⑈8⑈2⑈7⑈4⑈4⑈5⑈5⑈⑈

## McDavid Oyekwe

**From:** Jude Bayley
**Sent:** Thursday, March 23, 2017 2:28 PM
**To:** Ud-am_GKA_JB
**Subject:** Hawaii

Pretty Sure that Team Qually has this so start lobbying to be their +1

#shotgundavid



Fwd: Feedback

From: McDavid Oyekwe (mooyekwe@yahoo.com)
To: mooyekwe@gmail.com; mooyekwe@uh.edu
Date: Friday, June 7, 2019, 11:24 AM CDT

Respectfully,

McDavid Oyekwe

Begin forwarded message:

> From: McDavid Oyekwe <moyekwe@researchnow.com>
> Date: April 21, 2017 at 1:21:37 PM CDT
> To: Vandi Stone <vstone@researchnow.com>
> Subject: RE: Feedback

Hi Vandi,

Basically I suspect my character or personality is being attacked now. I excelled since Day 1 but I noticed ever since I was moved to Jude Bayley's team. I have been micro-managed personally versus the team who has more freedoms. I was cautioned to not take vacations before I switched over from Joel Primer's team. I never had 1 issue with Joel Primer or Amanda Radcliffe (my prior Team Leads). Now I have no approval privileges in SPA (unlike my team) to quickly fulfilled bid requests; which I consider sabotage. Qualtrics & Decipher are 2 accounts that I assist with that have currently lead the GKA Pod. The other accounts have yet to perform as well. With Qualtrics we generally attaches the bid to the client. I do the same while providing a screenshot of the price and further feasibility to fully inform the client thoroughly. Neither client has complained. My character has been attacked 3 times by Jude Bayley himself. Before the move to his team. I was accused being inactive / missing in action while my statistics reflected otherwise. I agreed no longer work from home while the other team members still do. The second time occurred where I noticed subtle remarks like, "What's your excuse" & "What is it this time". I privately asked him to please use more positive statements when addressing me. The delivery of the quotes is now being purposely delayed by Jude. I tried to inform Mr. Shivers. I don't know what to do.

Respectfully,



**McDavid Oyekwe**
**Associate Account Manager**

researchnow.com

From: Vandi Stone
Sent: Friday, April 21, 2017 12:57 PM
To: McDavid Oyekwe <moyekwe@researchnow.com>
Subject: Re: Feedback

Hi there, I am not sure exactly what the issue is. Can you please elaborate?

# Achieved Annual / Q4 Target

## ACCOUNT MANAGERS

- Aishah Teli
- Amanda Radcliff
- Brad Hamlyn
- Chris Fabian
- Christy Geary
- Delphine Kayumba
- Diane Hy
- Drew Newton
- Grant Caddell
- Joel Primer
- Josh Suarez

- Katie Reliac
- Kim Nguyen
- Landon Goertzen
- Marisa Sarnecki
- McDavid Oyekwe
- Robert Maeda
- Shannon Beatty
- Stephanie Hall
- Travis Goodman

## ACCOUNT DIRECTORS

- Natalie Lauder
- Paula Wisniewski
- Jen Ly-Awan
- Phil McGrath
- Mallory Ellis
- Chawntae Applegate
- Joe Mason

© 2016 Research Now Group, Inc.

2

CONFIDENTIAL

Dynata/Oyekwe 000140



April 05, 2017

Dear Kaitlyn Piazza,

2016 was a year of transition, with many significant strategic, operational, and organizational improvements throughout the company. These improvements are already driving success and growth in 2017.

I recognize that change can be difficult, and I am grateful to you for placing your trust in our decisions and actions which are leading to the progress we're now seeing. More importantly, your hard work, perseverance, and flexibility during this time have allowed us to continue to be the industry leader.

Due to both your individual and our collective efforts, I am thrilled to deliver your bonus information. We are committed to delivering bonuses because of the value we place on achievement. Please note that variable compensation such as an annual bonus is not guaranteed. It is only earned when we perform at or above our plan or expectations. And despite one of the toughest years in the history of Research Now, the organization pulled together admirably and successfully in so many ways. And for this achievement, I am especially grateful to you.

I want to add my personal thanks to you for your hard work and dedication to the company. Now more than ever, we need a strong team to help us achieve our 2017 goals in alignment with our vision. We are off to a great start, and I am confident that we can get there, together.

With heartfelt appreciation,

**Current Job and Salary Details**
Job Title: Associate Account Manager
Functional Area: Sales
Location: Plano-Corp Headquarters
Direct Supervisor: William C. Cathey
Current Base Pay: $47,476.00

**Bonus Details**

Due to your performance rating of Achieved Expectations, you are eligible for a bonus payout on April 14, 2017.

**Bonus Payout: $106.82**

*As of the date of this letter, you are eligible for a 2017 discretionary bonus of 5%.*

Dynata/Oyekwe 000283



April 05, 2017

Dear David Oyekwe,

2016 was a year of transition, with many significant strategic, operational, and organizational improvements throughout the company. These improvements are already driving success and growth in 2017.

I recognize that change can be difficult, and I am grateful to you for placing your trust in our decisions and actions which are leading to the progress we're now seeing.  More importantly, your hard work, perseverance, and flexibility during this time have allowed us to continue to be the industry leader.

Due to both your individual and our collective efforts, I am thrilled to deliver your bonus information. We are committed to delivering bonuses because of the value we place on achievement.  Please note that variable compensation such as an annual bonus is not guaranteed.  It is only earned when we perform at or above our plan or expectations.  And despite one of the toughest years in the history of Research Now, the organization pulled together admirably and successfully in so many ways.  And for this achievement, I am especially grateful to you.

I want to add my personal thanks to you for your hard work and dedication to the company.  Now more than ever, we need a strong team to help us achieve our 2017 goals in alignment with our vision.  We are off to a great start, and I am confident that we can get there, together.

With heartfelt appreciation,

**Current Job and Salary Details**
Job Title: Associate Account Manager
Functional Area: Sales
Location: Plano-Corp Headquarters
Direct Supervisor:  Jude D. Bayley
Current Base Pay: $47,476.00

**Bonus Details**

Due to your performance rating of Achieved Expectations, you are eligible for a bonus payout on April 14, 2017.

**Bonus Payout: $450.09**

*As of the date of this letter, you are eligible for a 2017 discretionary bonus of 5%.*



April 05, 2017

Dear Travis Goodman,

2016 was a year of transition, with many significant strategic, operational, and organizational improvements throughout the company. These improvements are already driving success and growth in 2017.

I recognize that change can be difficult, and I am grateful to you for placing your trust in our decisions and actions which are leading to the progress we're now seeing.  More importantly, your hard work, perseverance, and flexibility during this time have allowed us to continue to be the industry leader.

Due to both your individual and our collective efforts, I am thrilled to deliver your bonus information. We are committed to delivering bonuses because of the value we place on achievement.  Please note that variable compensation such as an annual bonus is not guaranteed.  It is only earned when we perform at or above our plan or expectations.  And despite one of the toughest years in the history of Research Now, the organization pulled together admirably and successfully in so many ways.  And for this achievement, I am especially grateful to you.

I want to add my personal thanks to you for your hard work and dedication to the company.  Now more than ever, we need a strong team to help us achieve our 2017 goals in alignment with our vision.  We are off to a great start, and I am confident that we can get there, together.

With heartfelt appreciation,

*[signature]*

**Current Job and Salary Details**
Job Title: Associate Account Manager
Functional Area: Sales
Location: Plano-Corp Headquarters
Direct Supervisor:  Jude D. Bayley
Current Base Pay: $57,000.00

**Bonus Details**

Due to your performance rating of Exceeded Expectations, you are eligible for a bonus payout on April 14, 2017.

**Bonus Payout: $3,154.60**

*As of the date of this letter, you are eligible for a 2017 discretionary bonus of 5%.*

Dynata/Oyekwe 000156

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

MCDAVID OYEKWE
Plaintiff

v.

3:19-CV-01085
Civil Action No.

RESEARCH NOW GROUP INC/ DYNATA
Defendant

### COMPLAINT

PLEASE REVIEW PREVIOUS REPORTS OF PERJURY BY THE DEFENDENT & THEIR REPRESENTATION SEYFARTH SHAW. DYNATA FORMERLY KNOWN AS RESEARCH NOW HAS MADE A MOCKERY OF WHAT THE MAGISTRATE CONSIDERS AS FACT DESPITE STAGGERED DATES. THE PLAINTIFF COMPLETED 1730 BIDS NOT 985 AT WITH HIGHER WIN RATE PROVIDED; HENCE TRAVIS GOODMAN (WHITE) & TYLER STANLEY (WHITE) RECEIVED HAWAII HONORS WITHOUT THE BLACK PLAINTIFF DESPITE HIS CONTRIBUTIONS IN 2017, THE PLAINTIFF RECEIVED A VERBAL GOLDEN TICKET AWARD INSTEAD. TYLER STANLEY RECEIVED NO HONORS FOR 2016 JUST AS DEMOTED JUDE BAYLEY WHOM LIED IN 2 SUBMITTED AFFIDAVITS SUBMITTED. DISCRIMINATION BY RACE WAS PROVEN, FSLA VIOLATIONS WERE NOT CONTESTED TO THE US DEPARTMENT OF LABOR, RETALIATION WAS SO SWIFT THE DEFENDENT COULD NOT SPECIFY A REASON BEFORE REMOVING THE PLAINTIFF AFTER HE MET HUMAN RESOURCES. MAGISTRATE EXERCISED RACIAL BIAS TO EXCLUDE WHITE CEO WHOM'S OWN SIGNATURE ACCORDING TO SARBANES OXLEY ACT REQUIRES AN EXPLAINATION REGARDLESS OF THE PLAINTIFF'S RACE AMONG OTHERS. THESE ACTS & REPORTS OF PERJURY/FRAUD HAVE BEEN CONCEALED BY A SYSTEMATIC RACISM BY MAGISTRATE AND CLERK. AMONG 2 BREACHED CONTRACTS AND UNPAID OVERTIME/SALARY/BONUSES TO PRO SE AS PROMISED TO THE US DEPARTMENT OF LABOR.

\* Attach additional pages as needed.

Date          02/11/2021

Signature

Print Name    MCDAVID OYEKWE

Address       3314 SEABREEZE DRIVE

City, State, Zip  ROWLETT, TEXAS 75088

Telephone     469-471-4337

MCDAVID OYEKWE

Action Deadline: 11/24/2017
IRA Custodian:
Fidelity Investments

09/22/2017

RE. RESEARCH NOW
29620



Dear MCDAVID OYEKWE:

IMPORTANT NOTICE: ACTION MAY BE REQUIRED BY 4PM EASTERN TIME 11/24/2017
We are writing in respect to your retirement account in the Plan listed above. As part of a periodic review, your account has been identified as having
a vested market value equal to or less than your Plan's minimum required balance of $5000

Vested Account Balance (subject to distribution): $3666.48

In accordance with Plan provisions your vested account balance will be distributed from the Plan. No action is required unless you would like to
elect a different distribution option than what is outlined below. If you do not elect to receive a distribution prior to the action deadline listed above,
your account will be distributed as follows.

If you have attained the later of age 62 or your Plan's normal retirement age, your account will be liquidated and a cash distribution will be made to
you in the form of a check. As required by federal tax law, 20% of the taxable portion of your distribution will be withheld (state tax withholding may
also apply).
If you have not yet attained the later of age 62 or your Plan's normal retirement age, your account will be distributed as follows:
    If your balance is less than or equal to $1,000, a cash distribution will be made to you in the form of a check. As required by federal tax law,
    20% of the taxable portion of your distribution will be withheld (state tax withholding may also apply).
    If your balance is greater than $1,000, the Plan provides that your vested account balance be rolled over to an Individual Retirement Account
    (IRA) at Fidelity Investments. Your rollover will be placed in the Fidelity Government Cash Reserves fund until you provide other direction.
    Important additional information for participants with Roth and non-Roth balances (Roth may not be offered by your plan):
        The $1,000 rollover limit is applied separately to the Roth and non-Roth balances. If either your Roth balance or your non-Roth
        balance is equal to or less than $1,000, you will receive a check for that balance
            Example 1) If your account has a $2,000 balance comprised of $1,500 of non-Roth money and $500 of Roth money, you will
            receive a check for the $500 of Roth money, and the $1,500 of non-Roth money will be rolled over to an IRA.
            Example 2) If your account has a $900 balance comprised of $400 of non-Roth money and $500 of Roth money, then you
            would receive two checks as each fails under the $1,000 limit to be automatically rolled over
            Example 3) If your account has a $1,500 Roth balance and a $1,500 non-Roth balance, $1,500 will be rolled over to a
            traditional IRA and $1,500 will be rolled over to a Roth IRA.

Because the value of your account can fluctuate, changes in value prior to payment may change how your account is handled. The account balance
on the "automatic distribution date" will determine if your account is to be cashed out or (if it exceeds the Plan's minimum) remain in the Plan - not
the value of the vested account balance when this letter was issued

If you will be age 70 1/2 on or before December 31st, a portion of your distribution is required to be taken as cash and is not eligible to be rolled into
another retirement account. This amount satisfies the Minimum Required Distribution (MRD) mandated by the IRS. If you elect to rollover a portion
of your funds, a specialist will inform you of your MRD amount that is not rollover eligible

Enclosed you will find a Special Tax Notice regarding plan payments for your reference. You may contact Fidelity to request a distribution prior to the
action deadline noted above. You may log onto your account at netbenefits.com to review and select distribution options. For additional service you
may call 1-800-835-5097 between service hours Weekdays 8 30 a.m. - 8:30 p.m. ET.
Please be sure to understand the tax consequences of any distributions from the Plan. In the event of a discrepancy between the process outlined in
this letter and the terms of the Plan document, the Plan document shall control.

Fidelity Investments Institutional Operations Company, Inc.                                    409079.8.0



**Employee:  Oyekwe, McDavid**

| Key Incentive Elements | Annualized 2017 |
|---|---|
| Title | Associate Account Manager |
| Total     Target     Compensation (TTC) | $49,849.80 |
| Base Compensation | $47,476.00 |
| Total Incentive (TI) | $2,373.80 |
| Quarterly Incentive | $593.45 |
| Pay Mix | 95/5 |
| Sales Plan | Associate Account Manager |

**Acknowledgment of Receipt of the Research Now Incentive Plan**

I hereby acknowledge that I have received a copy of the Plan. I have reviewed the Plan. I understand the terms of the Plan and accept them. I understand that this Plan, together with any Addendum thereto, supersedes all prior commission and incentive compensation plans except as specifically referenced in this Plan.

I understand that no employee can be deemed to have earned or acquired any right to any commission or incentive payments except as set forth in the Plan and any Addendum thereto which I may execute. I further acknowledge that Research Now reserves the right and full discretion to interpret, modify, vary or terminate the terms and conditions of this Plan, in whole or in part, including but not limited to the manner in which earned monies are defined and calculated.

I understand and agree that nothing contained in this Plan constitutes a contract for continued employment or employment for a specific duration. This Plan replaces any and all previous Plans and dashboards provided.

CAUSE NO. _____

| | | |
|---|---|---|
| McDavid Oyekwe, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | OF DALLAS COUNTY, TEXAS |
| Research Now Group, Inc. a/k/a | § | |
| Research Now, Inc. a/k/a Dynata | | |
| SEYFARTH SHAW LLP, | | |
| BELAW LLP | § | |
| Defendant | § | _____JUDICIAL DISTRICT |

---------------------------------------------------------------------------------------------

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Plaintiff MCDAVID OYEKWE pursuant to Federal Rules of Civil Procedure, who offers Plaintiff's Request for Admissions to DEFENDANT RESEARCH NOW AKA DYNATA & SEYFARTH SHAW & BRACKETT / ELLIS provide sworn answers to the following interrogatories to the MOOYEKWE@YAHOO.COM within the time provided by law.

### CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party via by September 12th, 2021.



(x) **McDavid Oyekwe**

### REQUEST FOR ADMISSION NO. 1:
Jude Bayley falsely claimed McDavid Oyekwe was late on a Sunday January 26, 2017 while not even his manager at the time. While his work schedule only Monday - Friday 10 AM-7 PM.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**
Jude Bayley was demoted from Sale Director to Team Lead in 2016 after not being named a Sales Champion in 2016 like McDavid Oyekwe.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Jude Bayley was only met his performance criteria with McDavid Oyekwe on his team during McDavid Oyekwe tenure.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
McDavid Oyekwe achieved more performance awards than Travis Goodman at then Research Now during his tenure? Golden Ticket and 2016 Sales Champion.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
McDavid never completed an entire month of work only doing 1 bid.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.6:**
McDavid never completed an entire month of work only doing 0 bids.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.7:**
McDavid Oyekwe was assigned more responsibilities in accounts than Travis Goodman as a member of GKA during his tenure.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.8:**
McDavid Oyekwe was assigned more responsibilities in accounts than Tyler Stanley as a member of GKA during his tenure.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.9:**
Alexander Carlson completed performance counseling before his eventual layoff in September 2016.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.10:**
Philip Alexander completed performance counseling before his eventual layoff in January 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.11:**
Katherine Smallwood provided a blank form while claiming I was in performance counseling.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.12:**
Gary Laben only signed a letter to me mentioning a 2017 Discretionary Policy not 2016, regarding a 2016 bonus payout.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.13:**
Michael Shivers, Joel Primer, & Kevin Anderson left then Research Now now Dynata in April 2020.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.14:**
Seyfarth Shaw & Dynata provided the Plaintiff in 3:10-CV-01085 two employee numbers and two email addresses.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.15:**

Kathy Rowley, Vandi Stone, Kristina Bauer, Caroline Morrison, Nic Belcher are no longer apart of then Research Now now Dynata.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.16:**
McDavid Oyekwe was apart of Qualtics team whom compete with SSI for Qualtrics business in 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.17:**
McDavid Oyekwe exercised the Open Door Policy with no success or clarity before termination?

**RESPONSE:**

**REQUEST FOR ADMISSION NO.18:**
A sum of McDavid Oyekwe's 401K was returned to then Research Now now Dynata after termination.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.19:**
Then Senior Manager Michael Shriver described McDavid Oyekwe to VP Tom Johnson as a role model to his team in 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.20:**
Tom John son followed Michael Shriver's suggestion to thank McDavid Oyekwe & Jude Bayley but omitted Shriver's intention to discriminate against McDavid Oyekwe from Qualtrics benefits.

**RESPONSE:**

Respectfully submitted,

/s/ McDavid Oyekwe
3314 Seabreeze Drive
Rowlett, Texas 75088
mooyekwe@yahoo.com
*469-471-4337*

CAUSE NO. _____

| | | |
|---|---|---|
| McDavid Oyekwe, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | OF DALLAS COUNTY, TEXAS |
| Research Now Group, Inc. a/k/a | § | |
| Research Now, Inc. a/k/a Dynata | | |
| SEYFARTH SHAW LLP, | | |
| BELAW LLP | § | |
| Defendant | § | _____JUDICIAL DISTRICT |

----------------------------------------------------------------------------------------

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff MCDAVID OYEKWE pursuant to Federal Rules of Civil Procedure, who offers Plaintiff's Request for Interrogatories to DEFENDANT RESEARCH NOW AKA DYNATA & SEYFARTH SHAW & BRACKETT / ELLIS provide sworn answers to the following interrogatories to the MOOYEKWE@YAHOO.COM within the time provided by law.

## **INSTRUCTIONS**

A. If any interrogatory cannot be answered in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer and the reason(s) why. If for any reason an answer is qualified, set forth the details of such qualification.

B. The remaining instructions and definitions contained in Plaintiff's First Requests for Production of Documents to Defendent are incorporated herein as if fully restated.

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney of record or party by September 12,<sup>th</sup>, 2021.

(x) **McDavid Oyekwe**

**INTERROGATORY NO. 1:**

Please explain Seyfarth Shaw & Dynata continued to claim the 2016 Discretionary policy existed with no evidence to provide the Plaintiff in 3:10-CV-01085.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please explain why Christina Forte Meddin continued to falsify evidence after the Plaintiff told her his intial disclosures or Pre-trial disclosures was 125 pages no the 25 pages she chose to submit in 3:10-CV-01085 deposition.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please explain why the Black Plaintiff was misrepresented in a chart giving White teammates extra months more than 12 to the plaintiff to misled a court without labeling the rows of the spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 4**:

Please explain why the Black Plaintiff was misrepresented in a chart removing at least 735 bids did himself in the time period your team specified?

**ANSWER:**

**INTERROGATORY NO. 5**:

Please explain if the plaintiff granted the defendant permission to lie on his character or production?

**ANSWER:**

**INTERROGATORY NO. 6:**

Please explain why Jude Bayley submitted not 1 but 2 affidavits' to the court that both contradicting the other.

**ANSWER:**

**INTERROGATORY NO. 7:**

Whom on behalf of Dynata agreed to pay McDavid Oyekwe missing salary to the U.S. Department of Labor in February 2019 but has yet to do so?

**ANSWER:**


**INTERROGATORY NO.** 8:
Please explain why or if Michael Shivers confession of discrimination to Tom Johnson was led to his termination April of 2020?

**ANSWER:**


**INTERROGATORY NO.** 9:
Please confirm the hire date of Kevin Anderson to Human Resources to then Research Now.

**ANSWER:**


**INTERROGATORY NO. 10:**
Confirm Seyfarth Shaw initially presented EVP Tom Johnson as a witness in initial disclosures of 3:10 – CV-01085

**ANSWER:**


**INTERROGATORY NO. 11:**
Please explain why the same contracts you provided the Plaintiff in 3:10-CV-01085 is hand signatures and typed signatures.

**ANSWER:**

**INTERROGATORY NO. 12:**
Explain why your team provided a blank performance counseling form to the Plaintiff as evidence.

**ANSWER:**


**INTERROGATORY NO. 13:**
Explain Christina Forte Meddin intention of using after work hours emails to suggest the Plaintiff was working fast enough.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please explain how Kevin Rice's settlement February 8th, 2020 offer with reinstatement was reduced in half in less than 24 hours without reinstatement.

**ANSWER:**


**INTERROGATORY NO. 15:**

Explain why Allyson Johnson left Seyfarth Shaw (used fake address) then later Katherine Smallwood to not lie to the court docket 3:10-CV-01085 as Alex Drummond and then Associate Christina Forte Meddin (now partner).

**ANSWER:**


Respectfully submitted,

/s/ McDavid Oyekwe
3314 Seabreeze Drive
Rowlett, Texas 75088
mooyekwe@yahoo.com
469-471-4337

CAUSE NO. _____

| | | |
|---|---|---|
| McDavid Oyekwe, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | OF DALLAS COUNTY, TEXAS |
| Research Now Group, Inc. a/k/a | § | |
| Research Now, Inc. a/k/a Dynata | | |
| SEYFARTH SHAW LLP, | | |
| BELAW LLP | § | |
| Defendant | § | _____JUDICIAL DISTRICT |

-----------------------------------------------------------------------------------------------

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS**

Plaintiff MCDAVID OYEKWE pursuant to Federal Rules of Civil Procedure, who offers Plaintiff's Request for Production to DEFENDANT RESEARCH NOW AKA DYNATA & SEYFARTH SHAW & BRACKETT / ELLIS provide sworn answers to the following interrogatories to the MOOYEKWE@YAHOO.COM within the time provided by law.


## **CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney of record or party vby September 12th, 2021.

(x) **McDavid Oyekwe**
**3314 Seabreeze Drive**
**Rowlett, TX 75088**
**mooyekwe@yahoo.com**
**469-471-4337**

## DEFINITIONS

"Date" as used herein means the day, month and year, on which the event or incident inquired about occurred.

"Company", " Defendant", "you" and "your" as used herein means the party to whom these requests are directed, as well as your agents, representatives, directors, servants, members, employees, persons acting or purporting to act on behalf of said party, and all other persons subject to said party's control.

"Entity" or "entities" includes and is intended to mean any company limited liability company, firm, nonpublicly traded corporation, association, trust, business trust, partnership, limited partnership, family limited partnership, limited liability partnership, joint venture, proprietorship, or any other form of business entity.

The term "identify" or "identity" with respect to a person or entity means to provide their name, address and telephone number.

"Location" as used herein means the street number, block, apartment number, city, state and zip code identifying the location inquired about and, in regard to the address of a person, includes the last known present whereabouts of the person.

"Parties" means Plaintiff or Defendant, or all.

"Person" includes and is intended to mean any natural person or the representative of Defendant or of any subsidiary agency.

"Relates to" means in whole or in part constitutes, contains, concerns, embodies, relates, analyzes, identifies, states, refers to, deals with, or in any way pertains to.

If any of this information is solely in electronic or magnetic form, you must produce this information by providing Plaintiff with this information on CD-ROM computer disks formatted for IBM-compatible computers with a notation identifying the computer program (including version identification) necessary to access the information.

**REQUEST FOR PRODUCTION NO. 1:**

Produce <u>a complete</u> (not just the documents relied upon) copy of any investigative files regarding Plaintiff or his job performance, including but not limited to, all documents, photographs, memos, emails, statements, and audio or video files collected while investigating Plaintiff prior to his termination and after.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2**

Produce any and all documents, which were provided to the EEOC by Defendant during the EEOC investigation.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all documents, which were provided to the US Department of Labor by Defendant.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce documents, which reflect any and all 2016 Discretionary Policy

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce documents with McDavid Oyekwe signature.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:**

Provide all training records completed by McDavid Oyekwe

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:**

Produce documents, which reflect any and all production or productivity by McDavid Oyekwe.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:**
Produce all Associate Account Mangers transition or promotion letter involving McDavid Oyekwe.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9:**
Produce all Associate Account Mangers 2016 & 2017 bonus payout letters involving McDavid Oyekwe.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:**
Produce all letters of any performance actions related to or involving Alexander Carlson.

**ANSWER:**

Respectfully submitted,

/s/ McDavid Oyekwe
3314 Seabreeze Drive
Rowlett, Texas 75088
mooyekwe@yahoo.com
*469-471-4337*