IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID OYEKWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2282-N-BN |
| | § | |
| RESEARCH NOW GROUP, INC. a/k/a | § | |
| RESEARCH NOW, INC. a/k/a | § | |
| DYNATA, SEYFARTH SHAW LLP, and | § | |
| BRACKETT & ELLIS CORP., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff McDavid Oyekwe, affirming his inability to pay, filed this lawsuit *pro
se* in state court in Dallas County against his former employer, Defendant Dynata,
LLC, and Defendants Seyfarth Shaw LLP and Brackett & Ellis, P.C. – Dynata's
counsel in an employment case filed by Oyekwe in state court, removed to this Court,
and then dismissed. *See* Dkt. No. 1-3; *Oyekwe v. Research Now Grp., Inc.*, No. 3:19-
cv-1085-S-BN, 2021 WL 1566459 (N.D. Tex. Jan. 26, 2021), *rec. accepted*, 2021 WL
1564327 (N.D. Tex. Apr. 20, 2021), (*Oyekwe I*), *notice of appeal filed* Apr. 27, 2021.

Defendants removed Oyekwe's latest state court filing to federal court. *See* Dkt.
No. 1. United States District Judge David C. Godbey referred the removed matter
(essentially or at least *Oyekwe III*) to the undersigned United States magistrate judge
for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.
And the undersigned enters these findings of fact, conclusions of law, and
recommendation that, for the reasons explained below, the Court should dismiss this

case with prejudice and issue an appropriate sanctions warning.

## Applicable Background

The court in *Oyekwe I* granted Dynata summary judgment on all claims made, dismissing that action with prejudice on April 20, 2021. Oyekwe appealed and moved for relief under Federal Rule of Civil Procedure 59(e). *See Oyekwe I*, Dkt. Nos. 101 & 103. And the Court denied the Rule 59(e) motion. *See id.*, Dkt. No. 105.

After the undersigned recommended that the Court dismiss the claims in *Oyekwe I*, but prior to the court accepting that recommendation, Oyekwe filed an action *pro se* in state court, which, after removal to federal court, was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) and, alternatively, as barred by collateral estoppel and true res judicata and as malicious. *See Oyekwe v. Research Now Grp., Inc.*, ___ F. Supp. 3d ____, No. 3:21-cv-886-S-BN, 2021 WL 2267451 (N.D. Tex. June 2, 2021) (*Oyekwe II*), *notice of appeal filed* June 8, 2021.

## Legal Standards and Analysis

"[B]ecause Oyekwe obtained leave to proceed [*in forma pauperis*] in state court prior to removal, the Court may [ ] screen his claims under the IFP statute, 28 U.S.C. § 1915(e)(2)(B)." *Oyekwe II*, 2021 WL 2267451, at *2 (citing *Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation

omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam)).

As Section 1915(e)(2)(B) provides, "the court shall dismiss the case *at any time* if the court determines that ... the action ... is frivolous[,] malicious[, or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

And true res judicata principles require the dismissal of this lawsuit under the malicious prong of the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))). And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),] in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule

applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here: as between *Oyekwe II* (and *Oyekwe I*) and this action, the parties are the same or in privity, and this district court entered a final judgment dismissing both prior cases with prejudice.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a

prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt*, 365 F.3d at 395-96)); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

The claims here emanate from the same nucleus of operative facts as *Oyekwe II* (and *Oyekwe I*). *See Oyekwe II*, 2021 WL 2267451, at *8-*9.

## Sanctions Warning

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008)

(quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Given Oyekwe's filing history set out above – which now includes two lawsuits that were filed maliciously – the Court should warn him that, should he continue to pursue frivolous or malicious lawsuits, this Court will bar him from proceeding either *in forma pauperis* or *pro se* in any action in this Court – whether filed here; filed in state court and removed to this Court; or filed in another federal court and transferred to this Court – without first obtaining leave of the Court in writing.

## Recommendation

The Court should dismiss this case with prejudice and issue the sanctions warning recommended above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 27, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE